UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAGAN VASIC, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PATENT HEALTH, L.L.C., an Ohio Limited Liability Company, ARTHUR MIDDLETON CAPITAL HOLDINGS, INC., an Ohio Corporation, WALGREEN, CO., an Illinois Corporation, and DOES 1 THROUGH 20,<br><br>Defendants. | Case No. 13cv849 AJB (MDD)<br><br>ORDER:<br><br>(1) DENYING DEFENDANT ARTHUR MIDDLETON CAPITAL HOLDINGS, INC. MOTION TO DISMISS PURSUANT TO RULE 12(B)(1); AND<br><br>(2) GRANTING DEFENDANTS ARTHUR MIDDLETON CAPITAL HOLDINGS, INC. AND PATENT HEALTH LLC'S MOTION TO QUASH SERVICE<br><br>(Doc. No. 6) |

Presently before the Court is Defendant Arthur Middleton Capital Holdings, Inc.'s ("Arthur Middleton") motion to dismiss the First Amended Complaint ("FAC") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and Defendant Arthur Middleton and Defendant Patent Health LLC's ("Patent Health") (collectively, "Defendants") motion to quash service of process pursuant to Rule 12(b)(5).[1]  (Doc. No. 6.)  Plaintiff Dragen Vasic ("Plaintiff") filed an opposition on July 1, 2013, (Doc. No. 8), and Defendants filed a reply on July 8, 2013, (Doc. No. 9).  This motion is suitable for disposition without oral argument pursuant to Civil Local Rule

---

[1] Defendants only argue service of process should be quashed with regard to Arthur Middleton and Patent Health, and do not make similar allegations with regard to service of process on Walgreen Company, the remaining defendant.

7.1.d.1. (Doc. No. 18.) For the reasons set forth below, the Court DENIES Arthur Middleton's motion to dismiss the FAC pursuant to Rule 12(b)(1), and GRANTS Defendants' motion to quash service of process pursuant to Rule 12(b)(5).

## BACKGROUND

On April 8, 2013, Plaintiff initiated this action against Patent Health on behalf of himself and others similarly situated. (Doc. No. 1.) The original complaint alleged violation of the Consumer Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), and breach of express warranty. (*Id.*) Each cause of action was based on allegations that a Trigosamine line of Glucosamine-based supplements ("Trigosamine Products") conveyed messages to consumers that were unsubstantiated by competent scientific evidence and were factually baseless. (*Id*. at ¶ 19.) On May 23, 2013, Plaintiff filed the operative FAC as a matter of right. (Doc. No. 4.) The FAC added two named defendants, Arthur Middleton and Walgreen Company ("Walgreen"), and omitted the third cause of action for breach of express warranty. (*Id.*)

The FAC alleges that each of the named defendants distributes, markets, and sells the Trigosamine Products in California. (*Id*. at ¶¶ 1-9, 14-16.) The FAC further alleges that Plaintiff is a citizen of California, (*Id*. at ¶ 13), Defendant Patent Health is a limited liability company with its principal place of business located at 8000 Freedom Avenue NW, North Canton, Ohio 44720, (*Id.* at ¶ 14), Defendant Arthur Middleton is an Ohio Corporation with its principal place of business located at 8000 Freedom Avenue NW, North Canton, Ohio 44720, (*Id.* at ¶ 15), and Defendant Walgreen is an Illinois corporation with its principal place of business located at 200 Wilmot Road, Deerfield, Illinois 60015, (*Id*. at ¶ 16.) The FAC contends subject matter jurisdiction is proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and that the Court has personal jurisdiction over the defendants because they each marketed, promoted, distributed, and sold the Trigosamine Products in California. (*Id*. at ¶¶ 10-11.)

On June 17, 2013, Defendant Arthur Middleton filed a motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), which was combined with a

motion to quash service of process pursuant to Rule 12(b)(5), filed by Arthur Middleton and Patent Health. (Doc. No. 6.) Plaintiff opposed both motions. (Doc. No. 8.)

## DISCUSSION

### I. Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal based on "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A jurisdictional attack under Rule 12(b)(1) may either be "facial" or "factual." *White v. Lee*, 227 F.3d 1213, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, the FAC alleges that Defendant Arthur Middleton is an Ohio Corporation that distributes, markets, and sells the Trigosamine Products to tens of thousands of consumers in California. (FAC ¶ 15.) Defendant Arthur Middleton disputes the truthfulness of this assertion, contending that it merely holds stock in other corporations (such as Patent Health) and does not manufacturer, distribute, market, or sell any products to any consumers. (Doc. No. 6 at 2:6-10.) As a result, Arthur Middleton's jurisdictional attack is factual rather than facial. (Doc. No. 6 at 2:6-8; Doc. No. 8 at 5:14-26; Doc. No. 9 at 1:22-23.)

In a factual attack, the court need not presume the truthfulness of the plaintiff's allegations, and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White*, 227 F.3d at 1242. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039 (quotation omitted). Nonetheless, "jurisdictional dismissal in cases premised on federal-question jurisdiction are exceptional," *Sun Valley Gasoline., Inc. v. Ernst Enters*.,

711 F.2d 138, 140 (9th Cir. 1983), and the Ninth Circuit has cautioned that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the 'jurisdictional issue and the substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley Gasoline,* 711 F.2d 138, 139; *see also Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1196 (9th Cir. 2008). The question of jurisdiction and the merits of an action are so intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Kingman*, 541 F.3d at 1196.

Here, Arthur Middleton converted the motion to dismiss into a factual jurisdictional attack by submitting a declaration from Kimberly A. Raines, an officer of Arthur Middleton. (Doc. No. 6, Ex. 2, Raines Decl.) Raines declares that Arthur Middleton is the sole member of Patent Health, and that Arthur Middleton is a holding company that does not "manufacture, distribute, market or sell, anything, of any kind, to anyone. (*Id*. at ¶¶ 1-2.) In response, Plaintiff argues that Arthur Middleton cannot rely on a self-serving affidavit to defeat subject matter jurisdiction, and in any event, the Raines Declaration merely raises a factual dispute regarding whether Arthur Middleton is engaged in the manufacturer, distribution, and sale of the Trigosamine Products at issue. Plaintiff did not submit a contrary affidavit or declaration in support, and instead relied on the factual allegations in the FAC. (FAC ¶¶ 15, 17-19, 24-57.) Plaintiff contends these factual disputes are not properly resolved under Rule 12(b)(1).[2]

Although Arthur Middleton is correct, in that the Court is not limited to the allegations contained in the FAC, and may rely on affidavits in ruling on a factual jurisdictional attack, the Raines Declaration does nothing more than create a factual dispute as to whether Arthur Middleton does in fact manufacture, market, distribute, or

---

[2] Plaintiff also argued that Arthur Middleton's cursory allegations that the Court lacks personal jurisdiction over Arthur Middleton are without merit based on alter ego liability. The Court need not address these contentions because Defendants' motion did not specifically raise these arguments.

sell the Trigosamine Products as alleged in the FAC.  Therefore, whether Arthur Middleton does in fact manufacture, market, distribute, or sell the Trigosamine Products is dispositive of both the Court's subject matter jurisdiction and the merits of Plaintiff's CLRA and UCL claims.  *Safe Air for Everyone*, 373 F.3d at 1039; *see also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 944 (S.D. Cal. 2007) ("On these facts, however, the jurisdictional question of standing is intertwined with the issue of whether Wal-Mart Stores was actually responsible for marketing the linens on the Wal-Mart.com website, which goes to the merits of the suit."); *Quantum Corp. v. Sony Corp.*, 16 U.S.P.Q.2d 1447, 1450 (N.D. Cal. 1990) (denying motion to dismiss under Rule 12(b)(1) because the issue of jurisdiction and whether the defendant actually engaged in infringing conduct were inextricably intertwined).  Arthur Middleton acknowledges this in its reply. (Doc. No. 9 at 3:9-11) ("Here, the issue of jurisdiction is inextricably entwined with the factual allegations relating to the merits. . .").  Accordingly, Arthur Middleton's factual challenge under Rule 12(b)(1) is DENIED.

**II.     Motion to Quash Service of Process Pursuant to Rule 12(b)(5)**

Next, Defendants move to quash service of process on Arthur Middleton, an Ohio corporation, and Patent Health, an Ohio limited liability company, on the basis that neither was properly served with the summons and operative complaint as required by law. (Doc. No. 6 at 3:9-12.)  A federal court lacks personal jurisdiction over a defendant if service of process is insufficient.  *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404 (1987).  Under Rule 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process."  Fed. R. Civ. Proc. 12(b)(5).  Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4.  *See*, *e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Solorio v. Astrue*, No. 07–cv–00508–H (POR), 2008 WL 5122177, *1 (S.D. Cal. Dec. 5, 2008).  Upon deciding that process has not been properly served on the defendant, a district court has broad discretion to either dismiss the complaint or quash

service of process. *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992). However, if it appears that effective service can be made and there has been no prejudice to the defendant, a court will quash service rather than dismiss the action. *See id.*

### A. Service of Process Under the Federal Rules of Civil Procedure

Under the Federal Rules, service of process requires an individual, "who is at least 19 years old and not a party," to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. Proc. 4(c). Rule 4(h) governs the specific requirements for service of process on a corporation or limited liability company within a judicial district. Fed. R. Civ. Proc. 4(h)(1). Service of process on a corporation, partnership, or association is valid only if the plaintiff either: (A) followed the requirements for service of process on an individual under Rule 4(e)(1); or (B) "deliver[ed] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment by law to receive service of process." *Id*. Under Rule 4(h)(1)(A), the validity of service of process on an individual under Rule 4(e)(1) is determined in accordance with state law where the district court is located or where service is made. Fed. R. Civ. Proc. 4(e)(1), 4(h)(1)(A);[3] *see also Guion v. Shoot The Moon, LLC*, CV-10-174-N-BLW, 2010 WL 2384832, at *1 (D. Idaho June 9, 2010) (stating that where a defendant is an out of state corporation, service is valid when it complies with the federal rules, the rules of the state where the district court sits, or the rules of the state where service is made). Therefore, because the instant action was filed in California, and service of process was effectuated in Ohio, the validity of service can be determined under either California or Ohio law.

### B. Service of Process Under State Law

Under California law, service of process on a corporation or limited liability company is valid so long as a copy of the summons and complaint are delivered by one of

---

[3] Under Rule 4(e)(2) the plaintiff can also effectuate service by: (A) delivery a copy of the summons and the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

the following methods: (1) "[t]o the person designated as agent for service of process" under the Corporations Code, Cal. Code Civ. Proc. § 416.10(a); (2) "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process," Cal. Code Civ. Proc. § 416.10(b); or (3) to an "agent of the corporation" or the California Secretary of State, Cal. Code Civ. Proc. § 416.10(d).

Ohio law is similar, yet provides additional avenues to effectuate service of process on a corporation or limited liability company. Under Civil Rule 4.2(F), service may be made upon a corporation, either domestic or foreign, by: (1) serving the agent authorized by appointment or by law to receive service of process; (2) serving the corporation by certified or express mail at any of its usual places of business; or (3) serving an officer or a managing or general agent of the corporation. Likewise, Civil Rule 4.2(H) provides that a limited liability company may be served by "serving the entity at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1), or by serving a partner, limited partner, manager, or member." Civil Rule 4.1(A)(1) provides that service of process can be made "by United States certified or express mail . . . unless otherwise permitted by these rules" as "[e]videnced by return receipt signed by any person." The Supreme Court of Ohio has held that service of process by certified mail under Civil Rule 4 is consistent with due process standards when it is reasonably calculated to give interested parties notice of a pending action. *See Mitchell v. Mitchell*, 64 Ohio St.2d 49, 18 O.O.3d 254, 413 N.E.2d 1182 (Ohio 1980).

### C. Service of Process was Proper Under Ohio Law

Here, Defendants contend Arthur Middleton and Patent Health were not properly served with the summons and complaint, and therefore service should be quashed. In response, Plaintiff argues that Arthur Middleton and Patent Health were properly served with the FAC and summons via certified mail on May 29, 2013, and June 10, 2013,

respectively, and that each time Alan Hardins ("Hardins") signed for the packages.[4]  In support, Plaintiff attaches the certified mail return receipts, which were sent to the principal place of business for both Defendants (the same address), and signed by Hardins.  (Doc. No. 8, Exs. B, C.)

Although service via certified mail as stated above would normally suffice under Ohio Law, the Raines Declaration, which states that the summons was not included with the complaint sent to either Defendant, is convincing, un-rebutted evidence that the summons was not included.  *See*, *e.g.*, *SEC v. Internet Solutions for Bus. Inc.,* 509 F.3d 1161, 1166 (9th Cir. 2007) (citation and quotation marks omitted) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."); *Academy of IRM v. LVI Env't Serv., Inc.*, 344 Md. 434, 447, 687 A.2d 669 (Ohio 1997) ("Simply because delivery was made to a person other than the officer identified on the receipt or in the summons does not mean that service was invalid and personal jurisdiction was lacking").  Plaintiff did not attach an affidavit or declaration in support his allegations, or contest the Raines Declaration.  *See*, *e.g.*, *Schagene v. Grumman*, No.: 11-cv-1642 AJB (NLS), 2012 U.S. Dist. LEXIS 7693, 2012 WL 216531 (S.D. Cal. Jan. 24, 2012); *Cheng v. AIM Sports, Inc.*, No.: CV10-3814 PSG (PLAx), 2011 U.S. Dist. LEXIS 11666, 2011 WL 320993 (C.D. Cal. Jan. 26, 2011).  Accordingly, because no contrary affidavit or declaration was filed by Plaintiff, the Court GRANTS Defendants' motion to quash.  Nevertheless, because Federal Rule of Civil Procedure 4(m) requires service of process within one-hundred and twenty (120) days from the filing of a complaint, Plaintiff has until September 21, 2013 to effect service on Defendants Arthur Middleton and Patent Health.

## **CONCLUSION**

For the reasons set forth above, the Court DENIES Defendant Arthur Middleton's motion to dismiss pursuant to Rule 12(b)(1), and GRANTS Defendants' motion to quash

---

[4] Defendants are unsure of the exact spelling of the name because of the handwritten signature.  (Doc. No. 8 at 8:2-3 n.8.)

service pursuant to Rule 12(b)(5). (Doc. No. 6.) Plaintiff has until September 21, 2013 to effect service on Defendants Arthur Middleton and Patent Health.

IT IS SO ORDERED.

DATED: September 3, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge