# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAGAN VASIC, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PATENT HEALTH, LLC., an Ohio Limited Liability Company, ARTHUR MIDDLETON CAPITAL HOLDINGS, INC., an Ohio Corporation, WALGREEN, CO., an Illinois Corporation, and DOES 1 THROUGH 20,<br><br>Defendants. | Case No. 13cv849 AJB (MDD)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>(Doc. No. 35) |

Presently before the Court is Defendants Arthur Middleton Capital Holdings, Inc. ("Arthur Middleton") and Patent Health, LLC's ("Patent Health") (collectively, "Defendants") motion to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). (Doc. No. 35.) Plaintiff Dragan Vasic ("Plaintiff") filed an opposition on January 17, 2014, (Doc. No. 36), and Defendants filed a reply on January 31, 2014, (Doc. No. 37). This motion is suitable for disposition without oral argument pursuant to Civil Local Rule 7.1.d.1. Accordingly, the motion hearing set for March 6, 2014 is hereby vacated. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

On April 8, 2013, Plaintiff filed a putative class action against Defendant Patent Health alleging violations of California's Consumer Legal Remedies Act ("CLRA"), California's Unfair Competition Law ("UCL"), and breach of express warranty. (Doc. No. 1.) Plaintiff filed the operative First Amended Complaint ("FAC") as a matter of right on May 23, 2013, which contained similar factual allegations, but omitted the third cause of action for breach of express warranty, and added Arthur Middleton and Walgreen Company ("Walgreen") as named Defendants. (Doc. No. 4.) Plaintiff voluntarily dismissed all claims alleged against Defendant Walgreen on December 10, 2013. (Doc. No. 33.) After Defendants filed initial motions to dismiss for lack of subject matter jurisdiction, insufficient service, and moved to quash service of process, on November 26, 2013, the Court ordered Defendants to answer or otherwise respond within thirty days. (Doc. No. 32.)

The operative FAC alleges that Defendants violated the UCL and CLRA by manufacturing, distributing, and selling two glucosamine-based dietary supplements—Trigosamine Max-Strength ("Max-Strength") and Trigosamine Fast-Acting ("Fast-Acting") (collectively, the "Trigosamine Products" or "Products")—by representing that the Products' primary ingredients—Glucosamine and Chondrotin Sulfate—have certain health benefits that they do not. (FAC ¶ 1.) Specifically, Plaintiff alleges that Defendants represented that the Products relieve joint pain and lubricate and build cartilage, when in fact, there is no competent or reliable scientific evidence to support these claims. (*Id*. at ¶¶ 1, 3.) Plaintiff then cites numerous studies within the FAC to support this assertion. (*Id*. at ¶¶ 29–51.) As a result, Plaintiff contends that there are numerous scientific studies that have universally demonstrated that Glucosamine, and Glucosamine in combination with other ingredients, including Chondrotin Sulfate, have "absolutely no scientific value in the treatment of joint pain or discomfort." (*Id*. at ¶ 3.)

Finally, Plaintiff alleges that as a result of his exposure to Defendants' representations regarding the joint health benefits of the Products, he purchased a bottle of Max

Strength for approximately $25.00.[1]  (*Id.* at ¶ 13.)  At the time of his purchase, Plaintiff alleges that he was experiencing pain and stiffness in his joints following his regular workouts, and purchased Max Strength based on the product's label, which represented that it would improve his joint soreness and provide joint health benefits.  (*Id.*)  Although the FAC does not allege that Plaintiff purchased the Fast-Acting Product, Plaintiff alleges that both Products share the same primary active ingredient—Glucosamine Hydrochloride—and that the Products are otherwise virtually identical, in that "neither is efficacious."  (*Id.* at ¶ 24.)  Therefore, Plaintiff alleges that despite a complete lack of competent scientific evidence, Defendants unequivocally represent that the Products provide a variety of health benefits centered around relieving joint pain and lubricating and building cartilage.  (*Id.* at ¶ 52.)  Plaintiff included the following screen shots of the Products packaging:

Front (Max Strength)                                         Back (Max Strength)




---

[1] Plaintiff alleges that Defendants convey a uniform deceptive message to consumers regarding the health benefits of the Products through a variety of media, including, Defendants' website, online promotional materials, and on the Products' packaging.  (*Id.* at ¶ 7).

| Front (Fast-Acting) | Side (Fast-Acting) |
|---|---|
| |  |

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court, however, is not bound to accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability require-

ment,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. (quoting *Twombly*, 550 U.S. at 557). It is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Complaints alleging fraud must satisfy the heightened pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) requires that in all averments of fraud or mistake, the circumstances constituting that fraud or mistake should be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. A pleading is sufficient under Rule 9(b) if it "state[s] the time, place[,] and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers & Helpers v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (citations omitted); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements. *Vess*, 317 F.3d at 1103-04; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## DISCUSSION

Defendants move to dismiss the FAC in whole or in part on four grounds: (1) the FAC fails to allege a cognizable basis for relief under Federal Rule of Civil Procedure 9(b); (2) Plaintiff lacks standing; (3) the claims are impliedly preempted by the Food, Drug, and Cosmetic Act ("FDCA"); and (4) the FAC alleges nothing more than a non-cognizable claim for "lack of substantiation." The Court addresses each in turn.[2]

---

[2] The Court does not address Plaintiff's contentions that the breach of warranty claim is sufficiently plead. Breach of warranty was not included as a cause of action in the FAC. (Doc. No. 4.)

## I.   Sufficiency of the Complaint under Rule 9(b)

Defendants make several arguments as to why the FAC should be dismissed in its entirety for failure to state a cognizable claim for relief.  First, Defendants contend that the FAC should be dismissed under Rule 9(b) because Plaintiff has failed to distinguish between the conduct of the individual Defendants, and instead, lumps the two Defendants together by stating that both entities "manufacture, market, and distribute" the Products at issue.  Plaintiff opposes this contention by stating that it was not necessary to make any distinction between the Defendants because "for all intents and purposes there are no distinctions to be drawn." (Doc. No. 36 at 9:25–26.)  Plaintiff further argues that to the extent a distinction is required, Arthur Middleton is a proper Defendant because Patent Health is a "woefully undercapitalized, wholly owned subsidiary of Arthur Middleton," as evidenced by an outstanding $3,348,598 loan from Patent Health to Arthur Middleton.  (Doc. No. 36 at 9:26–27, 10:20–23.)

The Court finds Defendants' contentions well-taken.  Although Arthur Middleton may potentially be liable for the conduct of Patent Health under an alter ego theory, no facts to support such a theory were alleged in the FAC.  Therefore, because the FAC is grounded in fraud, in that Plaintiff alleges that the Defendants are liable under the UCL and CLRA for making false and misleading representations and/or omissions with regard to the Products, the Court finds Plaintiff must differentiate between the conduct of the Defendants to enable the Defendants to "defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Accordingly, the Court GRANTS Defendants' motion to dismiss the FAC in its entirety for failure to comply with Rule 9(b).  However, because it appears Plaintiff may be able to remedy this deficiency, the Court provides Plaintiff an opportunity to amend.[3]

---

[3] The Court only addresses Defendants' remaining contentions as guidance for the parties in the event Plaintiff elects to amend the FAC.

Second, Defendants contend the FAC should be dismissed because the allegations are not directed at Defendants—Arthur Middleton and Patent Health—but rather are directed at the Products themselves. This argument misses the point. To the extent Plaintiff is able to differentiate between the Defendants' alleged conduct, any argument that the complaint should be dismissed because the representations are directed towards the Products and not the Defendants is nonsensical. The same is true with respect to Defendants' contention that the FAC should be dismissed because Plaintiff has provided "absolutely no facts" to support the assertion that the Products do not provide the advertised benefits. Although Defendants argue Plaintiff has not provided any evidentiary support for these allegations, in the form of a log detailing when he took the Products and/or how he felt before and after taking the Products, such evidence is not required on a motion to dismiss.

Third, Defendants argue that the UCL claim should be dismissed because Plaintiff has failed to sufficiently set forth a basis for liability under each of the three prongs—the unlawful prong, the unfair prong, and the fraudulent prong. Defendants contend that similar to *Eckler v. Wal-Mart Stores, Inc.*, No. 12-cv-727 LAB (MDD), 2012 WL 5382218, at *4–7 (S.D. Cal. Nov. 1, 2012), wherein the court dismissed the UCL claim with leave to amend finding that the plaintiff had failed to state a plausible claim for relief, here, Plaintiff's allegations are conclusory and do not identify any public policy allegedly violated. The Court does not agree. The FAC and the operative complaint in *Eckler* are not identical, nor is the Court bound by the *Eckler* decision. Here, the FAC sufficiently sets forth the predicate acts alleged under the unlawful prong, including, violation of California Civil Code Section 1572 (actual fraud), Section 1573 (constructive fraud), Section 1709 (fraudulent deceit), Section 1711 (deceit to defraud the public), Section 1770 (CLRA), and Business and Professions Code Section 17500 (California's false advertising law). (FAC ¶¶ 79–80.) Defendants did not move to dismiss Plaintiff's UCL claim under the unlawful prong based on these underlying statutory violations, and therefore, the Court does not address the merits of these underlying claims.

With regard to the unfair prong, the FAC alleges that Defendants' acts, omissions, representations, and nondisclosures were unfair because they were substantially injurious to consumers, the gravity of the conduct outweighs any alleged benefits to Defendants, and there were reasonable available alternatives to further Defendants' legitimate business practices. (*Id*. at ¶¶ 81–83.)  The Court finds these allegations adequately supported by the other factual allegations contained within the FAC.  Finally, Plaintiff alleges Defendants' conduct was fraudulent and deceptive because the representations and/or omissions made on the Products' packing and within advertisements for the Products can be refuted by reliable scientific data. (*Id*. at ¶ 84.)  Again, the Court finds these allegations are sufficiently supported by the FAC. (*Id*. at ¶¶ 29–52.)  Therefore, although the evidence may later prove unsupportive of Plaintiff's allegations, at this stage in the proceedings, the Court finds Plaintiff has stated a plausible claim under the unlawful prong, the unfair prong, and the fraudulent prong.

Fourth, similar to Defendants' lack of substantiation argument presented below, Defendants argue Plaintiff's claims must be dismissed because the scientific evidence included in the FAC only evaluated the effectiveness of glucosamine and chondroitin (alone or in combination), did not test the actual Products at issue, and only assessed whether the prescribed dosage utilized in the studies successfully treated osteoarthritis and not the representations at issue.  Therefore, Defendants contend that because there are several active ingredients in the Products, and the Products include an express disclaimer that they are not intended to "diagnose, treat, cure or prevent any disease," none of Plaintiff's studies support their allegations.  The Court does not agree.  Plaintiff is not alleging that Defendants' representations are based on clinical studies regarding the Products at issue or alleging that the Products do not treat osteoarthritis.  Instead, the FAC cites to selected studies that looked at the effect of certain substances, which Plaintiff alleges are the primary ingredients of the Products, in an attempt to provide support for Plaintiff's allegations that those substances do not "relieve joint discomfort," "lubricate the joints," and/or "build and maintain healthy, protective cartilage and

joints"— all of which Plaintiff alleges are symptoms of osteoarthritis. Therefore, the Court finds that because the studies cited by Plaintiff looked at products that share some of the same active ingredients as the Products at issue, Plaintiff's claims are facially plausible. *Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, the Court finds the disclaimer inapplicable and the issue of whether the proferred studies do in fact show that Defendants' representations are provably false is a question not properly decided on a motion to dismiss.

Finally, Defendants contend Plaintiff cannot allege a non-disclosure claim under the UCL and the CLRA because Plaintiff has not sufficiently alleged a duty to disclose. As articulated by Defendants, a duty to disclose can arise in four circumstances: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but suppresses some material fact." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1142 (9th Cir. 2012). Here, Plaintiff alleges that he has sufficiently alleged a duty to disclose based on the fact that Defendants made "representations through their uniform advertisements and packaging that stated that the Products provided joint-health benefits while suppressing the material fact that the product do no such thing." (Doc. No. 36 at 24:17–20; FAC ¶¶ 1, 6–9, 18–20, 22, 29–50, 54–55, 57, 61, 70, 82, 84–85.) The Court agrees. As with Defendants' other contentions, resolution of this issue is better suited until after discovery has completed. Accordingly, the Court finds Plaintiff has sufficiently stated a claim for non-disclosure at this stage of the proceedings.

**II.     Standing**

Next, Defendants move to dismiss the FAC in its entirety on the basis that Plaintiff does not have Article III standing or statutory standing under the UCL or CLRA. To

establish Article III standing, a plaintiff must satisfy three elements: (1) injury-in-fact; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In a class action, Article III standing is established if "at least one named plaintiff meets the requirements." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). Under the UCL and the CLRA, standing is established if a plaintiff pleads and proves that he has suffered an "injury-in-fact" and "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (Cal. 2011); *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 643 (Cal. 2009) (stating that under the CLRA, a plaintiff must allege that the defendant's conduct resulted in a "tangible increased cost or burden to the consumer").

First, Defendants contend Plaintiff does not have standing for any claims based on the Fast-Acting Trigosamine Product because Plaintiff never purchased this product. In response, Plaintiff argues that he can assert claims on behalf of the class based on the Fast-Acting Product, regardless of whether he purchased the Product, because both Products share the same primary ingredients and are substantially similar. As a result, Plaintiff contends he has standing to assert claims on behalf of the putative class with regard to both Products—Max Strength Trigosamine and Fast-Acting Trigosamine.

In addressing this issue, the parties recognize that district courts in this circuit are currently split on whether a plaintiff has standing to bring claims on behalf of consumers who purchased similar, but not identical products. *See Donohue v. Apple*, Inc., 871 F. Supp. 2d 913, 921–22 (N.D. Cal. May 10, 2012) (noting divergence and collecting cases). Some courts strictly construe standing to only permit a representative plaintiff to bring a claim on behalf of a class for products he or she actually purchased. *See*, *e.g.*, *Allen v. Hylands*, *Inc.*, No. CV 12–01150 DMG (MANx), 2012 WL 1656750, at *5 (C.D. Cal. May 2, 2012). Other courts have held that a representative plaintiff may have standing for products he or she did not purchase where there are "substantial similarities" between the purchased and unpurchased products. *See*, *e.g.*, *Anderson v. Jamba Juice Co.*, 888 F.

Supp. 2d 1000, 1004–05 (N.D. Cal. 2012); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, Nos. C-11-2910 EMC, C-11-3164 EMC, 2012 WL 2990766, at *11–13 (N.D. Cal. July 20, 2012). Still other courts have declined to engage in a standing analysis at the motion to dismiss juncture, and instead, deferred ruling on the issue until the class certification stage to determine whether the plaintiff may properly serve as a class representative under Rule 23. *See*, *e.g.*, *Dorfman v. Nutramax Labs. Inc.*, No. 13cv0873 WQH (RBB), 2013 WL 5353043, at *5–8 (S.D. Cal. Sept. 23, 2013); *Cardenas v. NBTY*, *Inc.*, 870 F. Supp. 2d 984, 990–92 (E.D. Cal. 2012).

The Court finds the "substantially similar" standard persuasive and the issue of whether the plaintiff has standing to assert claims on behalf of a class for a product he did not purchase better adjudicated at class certification. Under this standard, a representative plaintiff on a motion to dismiss must only demonstrate that the product he purchased is substantially similar to the product(s) he did not purchase. *Astiana v. Dreyer's Grand Ice Cream*, *Inc.*, Nos. C-11-2910 EMC, C-11-3164 EMC, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012) (stating that the "critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased"). Here, Plaintiff alleges that he only purchased Max-Strength Trigosamine, but that both Max-Strength and Fast-Acting share the same primary active ingredient—Glucosamine Hydrochloride. Plaintiff further alleges that although the Products contain other minor ingredients these ingredients are inconsequential. The Court agrees. Any lingering factual disputes regarding the similarities of the Products and Plaintiff's standing to bring claims based on a Product he did not purchase is better addressed at class certification. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's claims relating to the Fast-Acting Product.

Second, although less clear, Defendants appear to make several overarching arguments that Plaintiff has failed to allege an "injury-in-fact," and therefore does not have standing under the UCL and CLRA. To the extent these arguments are based on the fact that Plaintiff does not allege that he purchased the Fast-Acting Product, as set forth

above, these contentions are better addressed at class certification. To the extent these arguments are based on Defendants' belief that Plaintiff has failed to allege that he lost money or property as a result of the alleged unfair competition, these contentions are without merit. Plaintiff has sufficiently alleged that he purchased the Max-Strength Product for $25.00, and that had he known the truth regarding Defendants' alleged misrepresentations he would not have purchased the Product. This is sufficient under California law. *See*, *e.g.*, *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (Cal. 2011) (stating that a plaintiff has standing if he alleges that he "paid more for a product than he or she otherwise might have been willing to pay if the product had been labeled accurately"). Accordingly, the Court DENIES Defendants' motion to dismiss based on lack of standing.

### III. Preemption Under the FDCA

Third, Defendants argue Plaintiff's claims are impliedly preempted under the FDCA because they are predicated on the Trigosamine Products' noncompliance with FDA guidelines. The Court does not agree. Although the FDCA permits dietary supplements to include "structure/function" claims and prohibits dietary supplements from making "disease claims," the FAC does not require the Court to differentiate between the two or ask the Court to assess whether Defendants' conduct violates the FDCA. Instead, the FAC alleges that Defendants made misrepresentations and or omissions regarding the Trigosamine Products and that such conduct violates the UCL and CLRA. *Cf. Beckman Co. v. Pl. Legal Comm.*, 531 U.S. 341, 352–53 (2001) (stating that a plaintiff cannot plead around FDCA preemption if the existence of the claim arises from violation of the FDCA"). Accordingly, the Court DENIES Defendants' motion to dismiss based on implied preemption undner the FDCA.

### IV. Lack of Substantiation

Finally, Defendants contend the FAC should be dismissed because the claims are predicated on allegations that the Trigosamine Products, and the marketing plan associated with the Products, conveyed factual statements that lacked adequate substantiation.

As a result, Defendants argue the FAC should be dismissed because it asserts nothing more than a non-cognizable claim for lack of substantiation. Plaintiff rejects this assertion, stating that the FAC does not merely allege that Defendants' representations were unsubstantiated, but that Defendants' representations are "provably false."

As noted by countless other courts that have addressed this same issue, the crux of the disagreement between the parties focuses on the strength of the evidence cited in the FAC. *See*, *e.g.*, *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224 (N.D. Cal. Aug. 2012); *Fraker v. Bayer Corp.*, No. 08–1564 AWI GSA, 2009 WL 5865687, at *8–9 (N.D. Cal. Oct. 2, 2009); *Stanley v. Bayer Healthcare LLC*, No. 11CV862–IEG BLM, 2012 WL 1132920, at *3 (S.D. Cal. Apr. 3, 2012). However, because this is a motion to dismiss, wherein the Court must take the factual allegations as presented by the plaintiff as true, the Court cannot resolve the parties' dispute at this juncture. *See In re Clorox Consumer Litig.*, 894 F. Supp. 2d at 1232 ("Moreover, considering the operative complaint as a whole, the Court cannot conclude that Plaintiffs are merely alleging a lack of substantiation. Rather, the Complaint clearly alleges that the challenged representations are false."). *See*, *e.g.*, *Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 WL 5382218, at *3 (S.D. Cal. Nov. 1, 2012). Accordingly, the Court DENIES Defendants' motion to dismiss based on lack of substantiation.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss the FAC. (Doc. No. 35.) Plaintiff may file an amended complaint to correct the deficiencies noted above no later than **April 8, 2014**. No new parties or claims may be added without leave of Court.

IT IS SO ORDERED.

DATED: March 10, 2014

                                            Hon. Anthony J. Battaglia
                                            U.S. District Judge